UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANSEN COMBS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-388-BAJ-RLB** |
| **FORMOSA PLASTICS CORPORATION, LOUISIANA** | |

## ORDER

Before the Court is Defendant's Motion to Compel Discovery from Plaintiff. (R. Doc. 20). The deadline to file an opposition has expired. *See* LR 7(f). Accordingly, the motion is unopposed.

**I.    Background**

Jansen Combs ("Plaintiff") initiated this action in State court, seeking to recover from Formosa Plastics Corporation, Louisiana ("Defendant") under the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*, for alleged discrimination based on race and a hostile work environment. (R. Doc. 1-1).

On May 2, 2025, Defendant filed a Notice of Removal. (R. Doc. 1). Plaintiff subsequently filed a First Amended Complaint, which raises a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*. (R. Doc. 12).

On October 22, 2025, Defendant served 22 written interrogatories and 38 requests for production on Plaintiff. (R. Doc. 20-2). Among other things, Defendant requested Plaintiff to complete certain authorization forms for financial, medical, employment, and tax-related information.

On November 13, 2025, Defendant received a copy of Plaintiff's responses to Interrogatory Nos. 1-6 and 13-15. (R. Doc. 20-3). This partial response to Defendant's written

discovery requests includes a caption identifying the wrong court and parties, and appears to summarize the text of the underlying interrogatories. That same day, defense counsel sent a letter to Plaintiff's counsel that effectively seeks clarification of the partial response. (R. Doc. 20-4). Plaintiff did not respond to the letter.

On December 12, 2025, defense counsel sent another letter to Plaintiff's counsel by email stating that defense counsel would call Plaintiff's counsel on December 17, 2025 at 3:00 pm if no response was provided by that time. (R. Doc. 20-5). Plaintiff did not respond to the letter. Defense counsel certifies that he attempted to call Plaintiff's counsel on December 17 (and again on December 18) and left messages when the calls went directly to voicemail. (*See* R. Doc. 20-1 at 3-4).

On December 19, 2025, defense counsel sent another letter to Plaintiff's counsel by email detailing defense counsel's previous communications and stating that defense counsel would again attempt to reach Plaintiff's counsel by telephone on December 22, 2025 at 3:00 p.m. (R. Doc. 20-6). Defense counsel certifies that he attempted a final call on December 22, and left another message, but Plaintiff's counsel did not respond with any communication. (*See* R. Doc. 20-1 at 4).

On January 20, 2026, Defendant filed the instant Motion to Compel. (R. Doc. 20). Defendant seeks an order compelling Plaintiff to "provide full and complete responses" to the written discovery requests. (R. Doc. 20 at 16; *see* R. Doc. 20-8). As required by Local Rule 37, Defendant has quoted verbatim each discovery requests and response to which this motion is addressed. (R. Doc. 20 at 2-14). Plaintiff specifically argues that there is good cause to extend the non-expert discovery deadline form March 31, 2026 to June 19, 2026 in light of Plaintiff's failure to respond to the written discovery, which would provide Defendant time "to receive and

analyze Plaintiff's discovery responses, obtain third-party records, and to schedule and complete depositions." (R. Doc. 20-7 at 6). Defendant also seeks recovery of expenses and reasonable attorneys' fees incurred with the preparation and filing of the instant motion. (*See*

Plaintiff did not file a timely response to the instant Motion to Compel. *See* LR 7(f).

## II.  Law and Analysis

Plaintiff had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). A party may move "for an order compelling an answer, designation, production, or inspection" where "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents or fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

The record supports a finding that Plaintiff provided timely responses and objections to Interrogatory Nos. 1-6, 13-15. (*See* R. Doc. 20-3). There is no dispute, however, that Plaintiff failed to provide any timely responses or objections to Interrogatory Nos. 7-12, 16-22 and Requests for Production Nos. 1-38 within the times allowed by the Federal Rules of Civil Procedure or otherwise provided by Defendant. The Court will grant the Motion to Compel pursuant to Rule 37 with respect to those discovery requests.

A party generally waives all objections, with the exception of those pertaining to any applicable privileges or immunities, where it fails to provide timely discovery responses. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on

3

relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."); *see* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

Here, Plaintiff did not submit written responses or objections to Defendant's Interrogatory Nos. 7-12, 16-22 and Requests for Production Nos. 1-38 despite multiple attempts by defense counsel to obtain responses. Accordingly, the Court concludes that Plaintiff has waived all objections to the written discovery requests other than those based on any applicable privilege or immunity. The Court will, however, allow Plaintiff to object to discovery requests to the extent they prematurely seek information and disclosures (including any trial exhibits and expert identities and opinions) prior to the specific deadlines set forth in the Court's Scheduling Order. (*See* R. Doc. 18).

Plaintiff must also complete and sign the authorization forms attached to the instant motion. Defendant requested Plaintiff to sign these forms pursuant to Request for Production Nos. 34-38. (R. Doc. 20-2 at 24-58). The Fifth Circuit has suggested, in dicta, that Rule 34 may be an appropriate mechanism by which to require a party to sign an authorization form. *See McKnight v. Blanchard*, 667 F.2d 477, 481-82 (5th Cir. 1982). Various district courts have compelled parties to sign authorization forms. *See Raine v. BrandSafeway LLC*, No. 24-265, 2024 WL 4256435, at *3 (M.D. La. Sept. 20, 2024) (compelling the plaintiff to execute authorization forms); *Baqer v. St. Tammany Par. Gov't*, No. 20-980, 2023 WL 4846828, at *5 (E.D. La. July 28, 2023) ("[N]umerous courts within the Fifth Circuit, including this Court, have recognized that Rule 34, along with Rule 37, empower federal courts to compel parties to sign written authorizations consenting to the production of various documents.") (citing cases); *see*

*also Zamora v. GC Servs., LP*, No. 15-00048, 2016 WL 8853096, at *4 (W.D. Tex. Aug. 19, 2016) ("Recognizing a split in authority as to whether a party may be compelled to sign an authorization for the release of records through a discovery request under Rule 34, the majority of courts have concluded that a party may be so compelled.") (citing cases).

Plaintiff has had the opportunity (1) to provide written objections to signing the releases and (2) to file an opposition to the instant Motion to Compel explaining why he should not be compelled to sign the authorization forms. Accordingly, Plaintiff has waived his objections with respect to these forms, other than those pertaining to privileges or immunities. *See Pappion v. Phillips 66 Co.*, No. 19-01098, 2025 WL 1727042, at *6 (W.D. La. June 20, 2025) (finding objections to be untimely raised and, therefore, compelling the plaintiff to produce completed, signed authorization forms). To the extent applicable, Plaintiff may seek the entry of a Rule 26(c) protective order governing the exchange of confidential information in discovery.

In sum, the Court will require Plaintiff to provide complete supplemental responses to Interrogatory Nos. 7-12, 16-22 and Requests for Production Nos. 1-38, without objection other than described above. Failure to comply with this order will subject Plaintiff to sanctions pursuant to Rule 37(b).

The Court will not compel any further responses to Interrogatory Nos. 1-6, 13-15 based on the instant motion. While the record supports a finding that defense counsel made several good faith attempts to confer, the record does not contain any arguments regarding the sufficiency of Plaintiff's responses and objections to Interrogatory Nos. 1-6, 13-15.[1] The Court

---

[1] "The party filing the motion to compel 'bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *McCoy v. SC Tiger Manor, LLC*, No. 19-723, 2021 WL 1321303, at *2 (M.D. La. Apr. 8, 2021) (quoting *Tingle v. Hebert*, No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14, 2016). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*; *see also Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) ("Once a party moving to compel

5

will, however, set a deadline for Plaintiff's counsel to provide any supplemental responses. If merited, Defendant may file a renewed Motion to Compel with respect to Interrogatory Nos. 1-6, 13-15, but only after making another good faith attempt to conduct a conference to resolve any remaining deficiencies prior to filing a motion.

Considering Plaintiff's failure to respond to most of Defendant's written discovery requests, Plaintiff's failure to respond to defense counsel's multiple attempts to resolve the issues raised by this motion without court intervention, and Plaintiff's failure to file any opposition to the instant motion, the Court will apportion all reasonable expenses incurred in bringing this motion to be paid by Plaintiff and/or Plaintiff's counsel. *See* Fed. R. Civ. P. 35(a)(5)(C).

Finally, there being no opposition, the Court finds good cause pursuant to Rule 16(b)(4), to extend the non-expert discovery deadlines as requested. There is no indication in the record that an extension of this deadline will have any bearing on the expert discovery deadlines in this action.

### III.    Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery from Plaintiff (R. Doc. 20) is **GRANTED IN PART and DENIED IN PART** as detailed above. Plaintiff shall provide complete responses to Interrogatory Nos. 7-12, 16-22 and Requests for Production Nos. 1-38, as provided in the body of this Order, within **7 days** of the date of this Order or as otherwise agreed upon by the parties.

---

discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections.").

**IT IS FURTHER ORDERED** that Plaintiff shall provide any supplemental responses to Interrogatory Nos. 1-6, 13-15 within **7 days** of the date of this Order or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that the deadline to complete non-expert discovery is extended to **June 18, 2026**.[2] All other deadlines remain unchanged. (*See* R. Doc. 18).

**IT IS FURTHER ORDERED** that the Defendant is entitled to an award of the reasonable attorney's fees and costs incurred in bringing its Motion to Compel. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs, Plaintiff and/or counsel shall pay that amount;

(2) If the parties do not agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within **7 days** of the filing of Defendant's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on .February 18, 2026

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] June 19, the specific date requested by Defendant, is a federal holiday.