**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JANSEN COMBS**                                          **CIVIL ACTION**

**VERSUS**                                               **NO. 25-388-BAJ-RLB**

**FORMOSA PLASTICS CORPORATION,
LOUISIANA**

**<u>ORDER</u>**

Before the Court is Defendant's Motion for Fees and Costs (R. Doc. 22) and Defendant's Motion for Sanctions (R. Doc. 23). The motions are opposed. (R. Doc. 25, 26). Defendant filed a Reply in support of the Motion for Sanctions. (R. Doc. 30).

Also before the Court are Plaintiff's Counsel's Motion to Extend Deadlines (R. Doc. 31) and Motion to Withdraw as Counsel of Record (R. Doc. 32).

## I.      Background

Jansen Combs ("Plaintiff") initiated this action in State court, seeking to recover from Formosa Plastics Corporation, Louisiana ("Defendant") under the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq*., for alleged discrimination based on race and a hostile work environment. (R. Doc. 1-1).

On May 2, 2025, Defendant filed a Notice of Removal. (R. Doc. 1). Plaintiff subsequently filed a First Amended Complaint, which raises a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. (R. Doc. 12).

On October 22, 2025, Defendant served 22 written interrogatories and 38 requests for production on Plaintiff. (R. Doc. 20-2). Among other things, Defendant requested Plaintiff to complete certain authorization forms for financial, medical, employment, and tax-related information.

On November 13, 2025, Defendant received a copy of Plaintiff's responses to Interrogatory Nos. 1-6 and 13-15. (R. Doc. 20-3). This partial response to Defendant's written discovery requests included a caption identifying the wrong court and parties, and appeared to summarize the text of the underlying interrogatories. That same day, defense counsel sent a letter to Plaintiff's counsel seeking clarification of the partial response. (R. Doc. 20-4). Plaintiff's counsel did not respond to the letter.

On December 12, 2025, defense counsel sent another letter to Plaintiff's counsel by email stating that defense counsel would call Plaintiff's counsel on December 17, 2025 at 3:00 pm if no response was provided by that time. (R. Doc. 20-5). Plaintiff's counsel did not respond to the letter. Defense counsel certified that he attempted to call Plaintiff's counsel on December 17 (and again on December 18) and left messages when the calls went directly to voicemail. (*See* R. Doc. 20-1 at 3-4).

On December 19, 2025, defense counsel sent another letter to Plaintiff's counsel by email detailing defense counsel's previous communications and stating that defense counsel would again attempt to reach Plaintiff's counsel by telephone on December 22, 2025 at 3:00 p.m. (R. Doc. 20-6). Defense counsel certifies that he attempted a final call on December 22, and left another message, but Plaintiff's counsel did not respond with any communication. (*See* R. Doc. 20-1 at 4).

On January 20, 2026, Defendant filed its Motion to Compel. (R. Doc. 20). Defendant sought an order compelling Plaintiff to "provide full and complete responses" to the written discovery requests. (R. Doc. 20 at 16; *see* R. Doc. 20-8). As required by Local Rule 37, Defendant quoted verbatim each discovery requests and response to which this motion is addressed. (R. Doc. 20 at 2-14). Defendant also sought an extension of the non-expert discovery

deadline form March 31, 2026 to June 19, 2026 and the recovery of expenses and reasonable attorneys' fees incurred with the preparation and filing of the discovery motion. Plaintiff did not file a timely response to the Motion to Compel. *See* LR 7(f).

On February 18, 2026, the Court granted Defendant's Motion to Compel, in part, ordered Plaintiff to provide responses (or supplemental responses) to all of the written discovery by February 25, extended the non-expert discovery deadline to June 18, and awarded Defendant its reasonable attorney's fees and costs incurred in bringing the Motion to Compel. (R. Doc. 21, "Discovery Order").

On March 4, 2026, Defendant filed the instant Motion for Fees and Costs (R. Doc. 22) and Motion for Sanctions (R. Doc. 23).

Defendant's Motion for Fees and Costs seek the recovery of attorneys' fees and costs awarded in the Discovery Order. Defendant represents that prior to filing the motion, Plaintiff's counsel did not respond to communications regarding the attorneys' fees and costs as required by the Discovery Order. Defendant now seeks payment of $6,748.00 incurred with respect to the underlying Motion to Compel. Plaintiff opposes the motion, arguing that any award of fees should be *de minimis*, and that Plaintiff should be awarded attorneys' fees and expenses incurred in defending against the instant Motion for Fees and Costs.

Defendant's Motion for Sanctions seeks dismissal of Plaintiff's action, with prejudice, based on the failure to comply with the Discovery Order and his failure to prosecute this action. Plaintiff opposes this relief because there is no clear record of delay or contumacious conduct by the plaintiff, and lesser sanctions are available and have not been exhausted. In reply, Defendant points out that Plaintiff has still not complied with the Discovery Order or explained his failure to do so.

## II.    Law and Analysis

### A.    Defendant's Motion for Fees and Costs

#### 1.    Legal Standards

The "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar calculation involves multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate based on the market for that work in the community. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012); *Forbush v. J.C. Penny Co.,* 98 F.3d 817, 821 (5th Cir.1996).

Once the district court determines the lodestar, "[t]he district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)." *Forbush*, 98 F.3d at 821. The *Johnson* factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent;[1] 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

---

[1] The Supreme Court has barred consideration of the *Johnson* factor pertaining to whether the fee was fixed or contingent. *See City of Burlington v. Dague*, 505 U.S. 557, 566-67 (1992).

### 2.     Reasonable Hourly Rates

The first step in ascertaining the lodestar is determining counsel's reasonable hourly rate. This rate is the market rate for similar services by similarly trained and experienced attorneys in the relevant legal community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The relevant legal community is generally the judicial district in which the litigation occurred, here, the Middle District of Louisiana. *See Comar Marine Corp. v. Raider Marine Logistics, LLC*, No. 09-1438, 2016 WL 99208, at *4 (W.D. La. Jan. 7, 2016). "An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested." *Pickney v. Strategic Restaurant Acquisition Co., LLC*, No. 16-0211, 2017 WL 1821125, at *2 (W.D. La. May 4, 2017) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)). The reasonable hourly rate for a particular community may be established based on the affidavits of other attorneys practicing there. *Id.* (citing *Thompson v. Connick*, 553 F.3d 836, 867-68 (5th Cir. 2008)). "[A] district court 'is itself an expert' on the issue of fees and 'may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.'" *Winget v. Corp. Green, LLC*, No. 09-0229, 2011 WL 2173840, at *6 (M.D. La. May 31, 2011) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Defense counsel, A. Edward Hardin, Jr., submitted an affidavit in support of the sought $6,748.00 incurred in attorneys' fees with respect to the Motion to Compel. (R. Doc. 22-1 at 1-3). Mr. Hardin indicates that he is a partner at Kean Miller LLP with 29 years of experience, with a billing rate of $500/hour in December 2025 and $550/hour in January 2026; and Shearil Matthews is an associate at the same law firm, with 3-4 years of experience with a billing rate of

5

$270/hour in December 2025 and $300/hour in January 2026. (R. Doc. 22-1 at 1-2). The affidavit provides that Defendant is seeking a total of $6,748.00 incurred for a total of 19.1 attorney hours (14 hours of work by Ms. Matthews and 5.1 hours of work by Mr. Hardin).

Attached to the affidavit are redacted invoices and a February 26, 2026 email directed to Plaintiff's counsel seeking attorneys' fees in the amount of $8,548.00. (R. Doc. 22-1 at 4-17). In the affidavit, Mr. Hardin explains that a recalculation of the actual invoices reduced the amount sought from $8,548.00 to $6,748.00. (R. Doc. 22-1 at 2). While Mr. Hardin represents that he is "generally familiar with the rates charged by other attorneys who have similar experience and who practice within similar specialties" (*i.e.*, labor and employment law), neither the supporting memorandum nor the affidavit provide any details regarding those customary rates. Defendant does not provide any other affidavits from other members of the legal community in support of a finding of the prevailing market rate. Plaintiff has challenges the hourly rates presented by defense counsel as too high, citing findings of rates of $170-$375 as reasonable. (R. Doc. 26 at 3-4).

Considering the record, including the arguments of the parties, the Court concludes that Defendant has not established that the current billing rates of Mr. Hardin and Ms. Matthews are the prevailing rates in the community. "[A] mere conclusory statement that [a] fee [is] reasonable" is insufficient for calculating the lodestar fee. See *Hensley v. Eckerhart,* 461 U.S. 424, 440 (1983). In short, while Defendant has produced an affidavit of the lead attorney performing the work at issue, there is no presentation of "information of rates actually billed and paid in similar lawsuits" or "affidavits of other attorneys practicing [in the community in question]." *Heck v. Buhler*, No. 07-21, 2014 WL 2003270, at *2 (M.D. La. May 15,

6

2014)(quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *Tollet v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)), *aff'd sub nom. Heck v. Triche*, 601 F. App'x 239 (5th Cir. 2015)).

That said, the Court will set the lodestar rate at defense counsel's December 2025 billing rates (*i.e.*, $500 for Mr. Hardin and $270 for Ms. Matthews). While high, similar rates have been found to be reasonable in this district. *See Jones v. Comenity Cap. Bank*, No. 25-425, 2026 WL 852068, at *3 (M.D. La. Mar. 27, 2026) (finding hourly rate of $475 for partner and $275 for associate at Kean Miller LLP to be reasonable); *Texas Cap. Bank v. Fat Cow, LLC*, No. 22-157, 2023 WL 6972982, at *1 (M.D. La. Oct. 23, 2023) (finding billing rates between $375/hour and $500/hour to be reasonable rates in this district where the attorneys practiced in the areas of bankruptcy, creditor's rights, and business litigation). These rates are also consistent with previous decisions in this district when adjusted for inflation. *See*, *e.g.*, *Hollenbeck v. False River Veterinary Clinic*, No. 20-764, 2021 WL 5467021, at *3 (M.D. La. Nov. 1, 2021) ($300 per hour is reasonable rate of attorney with 27-28 years of experience), *report and recommendation adopted*, 2021 WL 5458418 (M.D. La. Nov. 22, 2021); *Pilkington N. Am., Inc. v. Smith*, No. 11-176, 2014 WL 6633096, at *2 (M.D. La. Nov. 21, 2014) ($340 per hour is reasonable average rate for attorney with more than 25 years of experience); *Hamdan v. Tiger Bros. Food Mart Inc.*, No. 15-412, 2018 WL 3029991, at *12 (M.D. La. May 22, 2018) ($375 per hour is reasonable rate for attorney with 30 years of experience), *report and recommendation adopted*, 2018 WL 3028943 (M.D. La. June 18, 2018); *In re Marine*, No. 20-214, 2023 WL 1823766 (M.D. La. Feb. 8, 2023) ($200 per hour is reasonable rate for attorney with six years of experience); *see also Mealy v. Gautreaux*, No. 16-716, 2020 WL 96897, at *2 (M.D. La. Jan. 8, 2020) (reducing the billing rate for six-year attorney from $200 to $175).

7

### 3.    Hours Reasonably Expended

To arrive at the lodestar, the court multiplies the approved hourly rates by the number of hours reasonably expended on the case. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). A party seeking attorney fees has the burden of showing the reasonableness of the hours billed, including proving they exercised billing judgment. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Accordingly, the fee applicant should submit documentation of the hours charged as well as those written off as unproductive, excessive, or redundant. *Saizan*, 448 F.3d at 799. If the court finds that the fee-seeking attorney failed to exercise billing judgment, it may reduce the hours awarded by a percentage or conduct a line-by-line analysis of the time report. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Green v. Admins. of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Ry. Ci. v. White*, 548 U.S. 53 (2006).

Defendant seeks to have included in the calculation of reasonable fees a total of 19.1 hours of attorney time spent researching, drafting, and filing Defendant's Motion to Compel (and supporting documents), as well as attempting to communicate with Plaintiff's counsel regarding the Court's order and to obtain recovery of attorneys' fees without court intervention. While the affidavit provides that the total amount of attorney's fees sought has been reduced from $8,548.00 to $6,748.00, it is unclear whether that reduction resulted from a miscalculation of the billing fees or an exercise of proper billing judgment. It is furthermore unclear what records were submitted to Plaintiff's counsel, if any, in support of the requested $8,548.00 to negotiate an agreed-upon amount of recoverable costs and expenses without court intervention.[2]

---

[2] What is clear is that defense counsel attempted to communicate with Plaintiff's counsel regarding the sought attorneys' fees prior to filing the instant motion. Although provided an opportunity to do so, Plaintiff's counsel failed to negotiate a small award of fees without requiring court intervention. Accordingly, Plaintiff's own request for recovery of attorney's fees incurred in responding to the instant motion is denied.

The Court has fully reviewed the supporting billing records from December 12, 2025 through January 20, 2026, the date on which the Motion to Compel was filed. (*See* R. Doc. 22-1 at 5-13). The Court will reduce the calculation for the reasonable amount of time spent in connection to the Motion to Compel by excluding time entries unrelated to the actual preparation and argument of relief sought pursuant to Rule 37, including time entries regarding preparation for and attempts at conferring with opposing counsel regarding discovery, the incorporated request for an extension of deadlines, and duplicative and redundant work related to the preparation of and filing of the Motion to Compel. Preparation for and correspondence with Plaintiff's counsel was required regardless of whether the Motion to Compel was eventually filed. The embedded request for an extension of deadlines sought relief pursuant to Rule 16(b)(4), not Rule 37, and will be excluded from relief on that basis. Finally, a review of the Motion to Compel, Memorandum in Support, Rule 37 Certificate, and proposed order reveals overlapping use of language, meriting a reduction of the recorded time for preparing each of these individual documents.

The Court will also reduce the hours expended for two additional reasons. Foremost, the legal issues raised by Plaintiff's failure to comply with the discovery requests was not complex. Defendant served 22 interrogatories and 38 requests for production. Plaintiff only responded to 9 interrogatories and failed to respond to any requests for production. The Motion to Compel raised little by way of any substantive legal arguments. Indeed, the bulk of the Court's analysis when ruling on the Motion to Compel concerned (1) the legal authorities regarding compelling a party to complete authorization forms for financial, medical, employment, and tax-related information in the context of a discovery ruling and (2) whether and to what extent Plaintiff

9

waived objections by not responding to all written discovery requests.[3] Neither of these issues were raised by Defendant in support of the Motion to Compel.

For the foregoing reasons, the Court finds that the time entries should be reduced by 50%. *Guidry v. Jen Marine, LLC*, No. 03-0018, 2003 WL 23095590, at *7 (E.D. La. Dec. 24, 2003) ("The Court finds that the 24.7 hours spent researching, preparing, dictating, reviewing and revising the Motion to Compel are excessive and duplicative, and should be reduced by 50%.").

The Court will set the lodestar amount at **$3,140.00** (7 x $270) + (2.5 x $500).

### 4.      Adjustment of the Lodestar Amount

The Court has considered the *Johnson* factors and finds no basis to increase or decrease the lodestar amount further. *See Sade v. S. Univ. Sys.*, No. 02-1164-A-M2, 2005 WL 8155807, at *3 (M.D. La. Sept. 28, 2005) ("Since consideration of some of these factors is often subsumed in the calculation of the lodestar fee, only those *Johnson* factors which have not been previously considered should be examined in determining whether to adjust the lodestar figure upward or downward."); *Raspanti v. United States Dept. Of the Army*, No. 00-2379, 2001 WL 1081375 (E.D. La. 2001) ("The lodestar may not be adjusted due to a *Johnson* factor . . . if creation of the lodestar award already took that factor into account. Such consideration is impermissible double-counting."). Accordingly, the Court will require payment of the $3,140.00 lodestar amount.

---

[3] The Court denied the Motion to Compel in part to allow Plaintiff to raise certain objections, including attorney-client privilege. The fees award was, therefore, made pursuant to Rule 37(a)(5)(C). That said, the Court found it appropriate to apportion the payment of all reasonable expenses to Plaintiff or Plaintiff's counsel.

**B.      Defendant's Motion for Sanctions**

Rule 37 of the Federal Rules of Civil Procedure provides for the imposition of sanctions against a party who fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Appropriate sanctions include the following:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Instead of or in addition to these permitted sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(d)(1)(A)(ii) (providing that the court may order sanctions if "a party, after being served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.").

Rule 41(b) states that "if the plaintiff fails to prosecute" or "comply with a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Apart from the Federal Rules of Civil Procedure, "[f]ederal courts have the inherent power to assess sanctions under certain circumstances," such as "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or has defiled the 'very temple of justice.'" *Matter of Dallas Roadster, Limited*, 846 F.3d 112, 134 (5th Cir. 2017) (citing *Matta v.*

11

*May*, 118 F.3d 410, 416 (5th Cir. 1997)) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).

An award of severe sanctions such as dismissal with prejudice is only appropriate where a lesser sanction would not substantially achieve the desired deterrent effect. *See United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (explaining that an involuntary dismissal with prejudice is characterized "the ultimate sanction"). Accordingly, a dismissal with prejudice is improper unless the case history shows (1) a clear record of delay and contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better service the interest of justice. *Haynes v. Turner Bass & Associates*, No. 20-40787, 2022 WL 2383855 (5th Cir. July 1, 2022). Additionally, the violation of the discovery order must be attributable to the client instead of the attorney. *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (internal quotation marks omitted).

Here, Defendant seeks an order dismissing this action with prejudice. In support of this sanction, Defendant argues that after this action was removed in July 2025, Plaintiff's counsel failed to communicate with defense counsel regarding their Rule 26(f) conference, and has failed to engage in discovery or otherwise communicate with defense counsel.

The record supports a finding that Plaintiff's counsel failed to respond to various attempts by defense counsel to obtain discovery, resulting in the filing of a Motion to Compel and, ultimately, the instant Motion for Costs and Fees and Motion for Sanctions. As discussed above, the Court will award appropriate sanctions incurred in filing the Motion to Compel. In addition, Plaintiff has not set forth any evidence that he has complied with the Discovery Order.

Nevertheless, the Court finds the sanction of dismissal is inappropriate. Foremost, the record supports a finding that the delays in this action are attributable to Plaintiff's counsel. There is no explanation for why Plaintiff's counsel failed to respond to various communications from defense counsel or the filing of the Motion to Compel. Even if there are irreconcilable differences between Plaintiff's counsel and his client (*see* R. Doc. 31 at 1), Plaintiff's counsel was not relieved of his duty to correspond with opposing counsel and to respond to pending motions. This conduct needlessly increased the litigation costs of the defendant. It remains unclear whether and to what extent the plaintiff, Jansen Combs, contributed to his counsel's failure to communicate or respond to motions.

Plaintiff's counsel is now seeking to withdraw as counsel of record. The Court will rule on that motion after the payment of the attorney's fees awarded in this action. If Plaintiff's counsel is allowed to withdraw, the Court will require Mr. Combs to show cause why this action should not be dismissed for failure to prosecute. For the time being, as a lesser sanction than dismissal with prejudice, the Court will stay proceedings in this action until the Discovery Order is obeyed. *See* Fed. R. Civ. P. 37(b)(2)(A)(iv). The Court finds the payment of expenses incurred in responding to the instant Motion for Sanctions to be unjust under the circumstances, including the award of attorneys' fees with respect to the underlying Motion to Compel. *See* Fed. R. Civ. P. 37(b)(2)(C).

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Fees and Costs (R. Doc. 22) is **GRANTED IN PART and DENIED IN PART**. Plaintiff or Plaintiff's counsel shall pay Defendant **$3,140.00** within **14** days of the date of this Order. Defendant shall file a Notice of

Compliance or a Notice of Non-compliance with the Court indicating whether timely payment was made. Failure to comply with this Order may result in the issuance of further appropriate sanctions. Plaintiff's Counsel's Motion to Withdraw as Counsel if Record (R. Doc. 32) shall remain pending until proof of payment of the foregoing award of attorney's fees.

  **IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (R Doc. 23) is **GRANTED IN PART and DENIED IN PART.**

  **IT IS FURTHER ORDERED** that all remaining deadlines in this action (R. Doc. 18) are **STAYED** until further order of the Court. Plaintiff's Motion to Extend Deadlines (R. Doc. 31) is **DENIED as moot**.

  Signed in Baton Rouge, Louisiana, on April 30, 2026.

          _____
          **RICHARD L. BOURGEOIS, JR.**
          **UNITED STATES MAGISTRATE JUDGE**