**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JANSEN COMBS** **CIVIL ACTION**

**VERSUS** **NO. 25-388-BAJ-RLB**

**FORMOSA PLASTICS CORPORATION, LOUISIANA**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 21, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JANSEN COMBS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-388-BAJ-RLB** |
| **FORMOSA PLASTICS CORPORATION, LOUISIANA** | |

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

This Report and Recommendation is issued *sua sponte* due to Plaintiff's failure to comply with this Court's Order to show cause why this action should not be dismissed. (*See* R. Doc. 37). For the following, this action is subject to dismissal with prejudice.

Jansen Combs ("Plaintiff") initiated this action in State court, through counsel, seeking to recover from Formosa Plastics Corporation, Louisiana ("Defendant") under the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq*., for alleged discrimination based on race and a hostile work environment. (R. Doc. 1-1).

On May 2, 2025, Defendant filed a Notice of Removal. (R. Doc. 1). Plaintiff subsequently filed a First Amended Complaint, which raises a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. (R. Doc. 12).

On October 22, 2025, Defendant served 22 written interrogatories and 38 requests for production on Plaintiff. (R. Doc. 20-2). Among other things, Defendant requested Plaintiff to complete certain authorization forms for financial, medical, employment, and tax-related information. After receiving partial, incomplete responses, Defendants attempted to obtain supplemental responses from Plaintiff, but did not receive any response to their communications from Plaintiff's counsel. (*See* R. Docs. 20-4, 20-5, 20-6).

Ultimately, on January 20, 2026, Defendant filed a Motion to Compel seeking supplemental responses. (R. Doc. 20). Plaintiff failed to file a timely response.

On February 18, 2026, the Court required Plaintiff to provide certain supplemental responses and awarded Defendants reasonable attorney's fees and costs incurred in bringing the Motion to Compel. (R. Doc. 21).

On March 4, 2026, after Plaintiff failed to provide the attorney's fees and costs requests or the court-ordered supplemental responses, Defendant filed a Motion for Fees and Costs (R. Doc. 22) and a Motion for Sanctions (R. Doc. 23). Plaintiff, through counsel, opposed these motions. (R. Docs. 26, 27).

On April 17, 2026, Plaintiff's counsel filed a Motion to Withdraw as Counsel of Record. (R. Doc. 32).

On April 30, 2026, the Court ruled on Defendant's Motion for Sanctions and Motion for Attorney's Fees and Costs. (R. Doc. 33). In this Order, the Court declined to award the sanction of dismissal, but ordered Plaintiff or Plaintiff's counsel to pay Defendant, by May 14, 2026, $3,140 in reasonable attorney's fees and costs incurred in bringing its Motion to Compel. The Court also held that the Motion to Withdraw as Counsel of Record shall remain pending until proof of payment of the foregoing award of attorney's fees.

On June 3, 2026, the Court allowed Plaintiff's counsel to withdraw after the payment of $3,140 to Defendant (albeit beyond the court-ordered deadline). (R. Doc. 37). In the Order, the Court required Plaintiff, now proceeding without counsel, to show cause, in writing, on or before **July 2, 2026,** why this action should not be dismissed for failure to prosecute. (R. Doc. 37 at 3). Because it was unclear whether the delays in this action are attributable to Plaintiff or his counsel, the Order informed Plaintiff that any such filing shall detail his efforts to comply with

the Court's February 18, 2026 Order. Finally, the Court made it clear that failure to comply with the Order would result in a recommendation to the district judge that this action be dismissed with prejudice.

As of the date of this Report and Recommendation, Plaintiff has not shown cause why this action should not be dismissed with prejudice for failure to prosecute. Plaintiff has not otherwise provided any other explanation for the failure to provide complete discovery responses in this action.

For the foregoing reasons, it is appropriate to dismiss this action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). The Court has the authority to dismiss Plaintiff's action with prejudice for failure to prosecute in light of its inherent power to control its docket and achieve the orderly and expeditious disposition of cases. *Link v. Wabash Railroad*, 370 U.S. 626, 629-31(1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

Dismissal with prejudice, however, is an extreme sanction. Accordingly, the Fifth Circuit has approved the sanction only where, as here, "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Renobato v. Compass Bank Corp.*, 480 F. App'x 764, 766 (5th Cir. 2012) (internal citations omitted). Given the record, including Plaintiff's failure to respond to the Court's show cause order, the Court concludes that there is a clear record of delay attributable to Plaintiff and the award of lesser sanctions would be futile.

Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice

within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order." LR 41(b)(2). The Court finds that Plaintiff should be afforded that same 14-day period to advise the Court if he wishes to proceed with his case. The timeframe to submit objections to this Report and Recommendation will give him that time.

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's claims be dismissed with prejudice for failure to prosecute and failure to comply with the Court's orders.

Signed in Baton Rouge, Louisiana, on July 21, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**